FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 16 2015 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TIMOTHY D. CAMPBELL,

                          Plaintiff,

       -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,
MR. JAMES SOL, c/o Badge #1062,

                          Defendants.
---------------------------------------------------------------X

ORDER
14-CV-5093 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

On August 25, 2014, incarcerated *pro se* plaintiff Timothy D. Campbell ("plaintiff") filed an *in forma pauperis* civil rights complaint against the Suffolk County Correctional Facility and Mr. James Sol, c/o Badge #1062 (collectively, "defendants"), pursuant to 42 U.S.C. § 1983. Defendants answered the complaint on October 16, 2014. (ECF No. 9.)

On December 29, 2014, Magistrate Judge Lindsay issued a scheduling order directing plaintiff to submit a written narrative statement on or before February 12, 2015, and a revised narrative statement, exhibit list, witness list, and summary of each witness's testimony on or before July 15, 2015. (ECF No. 14.) Plaintiff failed to comply with either of those deadlines. On July 30, 2015, Magistrate Judge Lindsay issued an order noting plaintiff's failure to comply with her prior order, and directed plaintiff to file his narrative statement exhibit list, witness list, and summary of each witness's testimony by August 20, 2015, warning the plaintiff that if he again failed to comply, she would recommend to this Court that plaintiff's case be dismissed for failure to prosecute. (ECF No. 19.) Plaintiff against failed to respond.

Now before the Court is the Report & Recommendation from Magistrate Judge Lindsay, dated August 27, 2015 (the "R&R"), recommending that the Court dismiss this case with prejudice

because plaintiff has failed to comply with numerous orders and failed to prosecute the case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The R&R instructed plaintiff to submit any objection within fourteen days. Plaintiff did not file any objection. Indeed, the Report and Recommendation was returned to the Court as undeliverable due to plaintiff's discharge from the Nassau County Correctional Center (*see* ECF No. 24); the Court notes that plaintiff has not communicated with the Court for any reason since his March 25, 2015 letter notifying the Court of his transfer to that facility. (ECF No. 16.) For the following reasons, the Court adopts the R&R and dismisses the instant action pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss*

*Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a well settled concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Additionally, "[w]hen a party changes addresses, it is his or her obligation to notify the Court of the new address." *Garcia v. Hynes*, No. 08 Civ. 2155, 2009 WL 890640, at *1 (E.D.N.Y. Mar.

3

31, 2009) (citing *Concepcion v. Ross*, No. 92 Civ. 770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997) (citing Local Civil Rule 1.3(d) and holding "[t]he responsibility for keeping the court informed of changes of address rests with the petitioner.")).

Here, plaintiff has repeatedly refused to respond to Magistrate Judge Lindsay's orders. Plaintiff was warned that Magistrate Judge Lindsay would recommend dismissal to this Court if he failed to timely submit his narrative statement and other necessary documents. Moreover, well over two weeks have passed since plaintiff was advised to file objections to Magistrate Judge Tomlinson's R&R, and plaintiff was warned in the R&R that his failure to file objections would waive the right to appeal the dismissal. Despite these warnings, plaintiff filed no objection. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. In addition, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Finally, plaintiff's failure to meet his obligation to update his address after his discharge is an additional factor supporting dismissal of this action. Therefore, all the above-referenced factors favor dismissal of the instant case with prejudice.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error,[1] the Court adopts the findings and recommendations contained in the R&R (ECF No. 22) in their entirety and dismisses the plaintiff's complaint with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. Defendants'

---

[1] Even under *de novo* review, the Court would reach the same conclusion.

summary judgment motion (ECF No. 21) is therefore dismissed as moot, and their motion to withdraw that motion in lieu of adopting the R&R (ECF No. 23) is granted. The Clerk of the Court is directed to close the case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: September 16, 2015
Central Islip, New York